**William S. SPEED et al., Plaintiffs,**

**v.**

**TRANSAMERICA CORPORATION, Defendant.**

**Jack FRIEDMAN et al., Plaintiffs,**

**v.**

**TRANSAMERICA CORPORATION, Defendant.**

**Philip ZAHN, suing individually and on behalf of all similarly situated holders of Class A Common Stock of Axton-Fisher Tobacco Company, Plaintiff,**

**v.**

**TRANSAMERICA CORPORATION, Defendant.**

**Civ. A. Nos. 480, 468, 490.**

United States District Court
D. Delaware.

Dec. 28, 1955.

---

1. Chemical Specialties Co., Inc. v. Ciba Pharmaceutical Products, Inc., D.C.N.J., 10 F.R.D. 500, 502.

See also 135 F.Supp. 176.

Daniel O. Hastings and Clarence W. Taylor (of Hastings, Lynch & Taylor), Wilmington, Del., for plaintiffs and claimants.

Edwin D. Steel, Jr. (of Morris, Steel, Nichols & Arsht), Wilmington, Del., for defendant.

Herbert L. Cobin, Wilmington, Del., for intervenors.

LEAHY, Chief Judge.

On the application for increase in bond on appeal for costs, two guides are relevant. First, there is F.R. 73(c), 28 U.S.C., which deals with increase of bond for costs incurred in connection with any appeal. Our Court of Appeals Rule 35(4) specifically deals with the items of costs for printing briefs and appendices. These are costs which are fixed by the Clerk of the Court of Appeals, subject to review by that Court.

■ I think the matter of potential costs in connection with any pending appeal should be exclusively within the control of the Judges of the Court of Appeals. Hence, any application to increase a cost bond to secure payment of potential costs to be finally awarded to the successful party, should be presented to the Judges of the Court of Appeals.

However, Professor Moore[1] believes (perhaps correctly) F.R. 73(e) was incorporated into Rule 73 to give the trial judge jurisdiction to pass on a motion for insufficiency of cost bonds on appeal. This distinction is based on the verbalism between a dissatisfied litigant "filing" an appeal or whether the appeal "is not yet docketed with the appellate court". I am of the view once a litigant commences to operate the procedural machinery for an appeal, the district court loses jurisdiction.

But, if I do have jurisdictional power to pass on the question of sufficiency of the present cost bonds filed by plaintiffs, then my views are these:

■ This case presents, at bottom, questions of law. Defendant should be able to discuss the case in its briefs. If resort is had to the factual findings, Rule 16(1) of the Court of Appeals provides for the filing of all original papers necessary to constitute a record on appeal. Subdivision (2) of the Rule provides for the filing of the transcript of testimony. There is little necessity for

1. 7 Moore's Federal Practice pp. 3184–85.

printing all the transcripts, both before the Court and the Special Master, and the exhibits. Moreover, F.R. 75(k) provides, where more than one appeal is taken to the same Court from the same judgment, a single record on appeal shall be sufficient. In this case, there is no necessity for duplication which will result in a massive record for the Court of Appeals.

Motions to increase plaintiffs' cost bonds already filed will be denied.